EZEQUIEL LUGO, ETC., Petitioner and Appellee, *v.* REINALDO MARINI, Respondent and Appellant.

No. 10440. Argued May 2, 1951.—Decided May 18, 1951.

484

*Amador Ramírez Silva* for appellant. *Joaquín Gallart Mendía* and *Rafael Ydrach* for appellee.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

Ezequiel Lugo filed in the Municipal Court of Mayagüez a complaint against his ex-employer, Reinaldo Marini, in an action for unpaid wages, under Mandatory Decree No. 14 of the Minimum Wage Board of Puerto Rico regulating the furniture and wood product industry in Puerto Rico which went into effect on September 15, 1948, for work performed between September 15, 1948 and May 13, 1949. The case was heard and the court dismissed the complaint. On appeal to the District Court of Puerto Rico, Mayagüez Section, the latter entered judgment in favor of the petitioner, ordering the respondent to pay the sum of $156.81 as the difference in wages, plus an equal amount as penalty, as provided by § 25 of the Minimum Wage Act of Puerto Rico.

. Dissatisfied with this judgment the respondent appealed and assigns as an only error that committed, in his judgment, by said court in basing its decision "in that the petitioner was not an apprentice as the respondent maintains and

maintained, and that he was not an unskilled worker either as petitioner himself alleged through the attorneys of the Department of Labor."

■ Pursuant to the proved facts it was shown that the appellant did not obtain from the Chairman of the Minimum Wage Board the special permit required by § 17(a) of the Minimum Wage Act of Puerto Rico (Act No. 8 of April 5, 1941), as amended by Act No. 48 of June 10, 1948 (Sixth, Seventh, and Eighth Special Session Laws, p. 144), in order to employ the appellee as an apprentice in his business.[1] In consequence thereof, the court a quo decided that, pursuant to the evidence, the work performed by the appellee during the period involved in the claim, must be classified within one of the three employment categories established by Mandatory Decree No. 14 for workers in the furniture industry.[2] In our judgment, it did not err in so ruling.

■ Appellant argues that upon the effectiveness of Mandatory Decree No. 14 on September 15, 1948 providing that "the employment of apprentices is hereby authorized at a rate not less than fifteen cents per hour during the

---

[1] "Section 17.—Any person may be employed as an apprentice, trainee, or learner, subject to the following provisions:

"(a) The employer shall first obtain from the Chairman of the Board a special permit setting forth the minimum conditions of such employment, and the said permit shall be valid for the period determined by the Board in the decree or by regulations for the purpose."

[2] Mandatory Decree No. 14 provides, insofar as pertinent, the following:

"E—*Skilled worker* is one who has a thorough knowledge understanding and mastery of the manual skills and of the processes involved in the performance of any of the occupations generally known as trades, such as, but not limited to, the following: designer, cabinetmaker, painter, carver, upholsterer and wood turner.

"F—*Semiskilled worker* is one who, although not having the same level of knowledge, understanding and mastery of the manual skills and of the processes, required from a skilled worker in the performance of his trade, has the knowledge that enables him to perform, under direct supervision, some of the processes within the trade.

"G—*Unskilled worker* is one who performs any kind of work whose performance does not require a previous training period. In this category shall be included, but without limitation, janitors, watchmen, messengers, guards, and common laborers."

first stage (not to exceed six months) of their apprenticeship period," employers in the furniture industry were authorized to employ apprentices without first obtaining permission from the Chairman of the Minimum Wage Board.

He is not right. The provision of Mandatory Decree No. 14 on which the appellant rests his argument does not have the scope of granting employers a general permit to employ apprentices. Said provision merely constitutes a regulation of the minimum wage to be received by apprentices lawfully employed pursuant to the provisions of § 17 (a) of the Minimum Wage Act, *supra*. Mandatory Decrees must be construed in harmony with the provisions of the Act authorizing their promulgation; however, in the same manner as regulations, they may not violate the terms of the statute. *Chabrán* v. *Bull Insular Line*, 69 P.R.R. 250. The appellant argues further that the Minimum Wage Board approved Regulation No. 9 setting standards for Apprenticeship in the Furniture and Wood Product Industry, on February 2, 1949, wherein the employment of apprentices was authorized for a period not to exceed two years and that it was not until the date on which said regulation was approved that the employer had once more to request permission from the Chairman of the Board. He is not right either. Said regulation, in its § 11 (a), complied with the test established in § 17 (a) of the Act, *supra*, requiring the obtainment of a permit from the Chairman of the Board in order to employ an apprentice. This does not mean, however, that the employer did not have to comply with the law at all times. Furthermore, the evidence showed that on the effective date of Mandatory Decree No. 14 the appellee did not discharge the duties of an apprentice in appellant's shop.

■ As well put by the lower court, the fact that the appellee alleged in his complaint that he was an unskilled worker did not preclude the court from granting him the relief to which he was entitled, under the pleadings as amended by the evidence. Rules 81 (b) and 54 (c) of Civil

Procedure; *Guadalupe* v. *Rodríguez*, 66 P.R.R. 138; *Miranda* v. *Cacho*, 66 P.R.R. 521; *Ball* v. *Vilá*, 67 P.R.R. 388. Upon the evidence showing that the appellee performed the duties of a semi-skilled worker, he was entitled to be paid the salary corresponding to said category.

The judgment will be affirmed.